UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAMIE JULIANO and
DANIEL ALVEAR,

    Plaintiffs,

vs.                                    Case No.:

PASCO-PINELLAS HILLSBOROUGH
COMMUNITY HEALTH SYSTEM, INC.

    Defendant.
_____/

## COMPLAINT

COMES NOW, Plaintiffs, JAMIE JULIANO and DANIEL ALVEAR, hereinafter referred to as "PLAINTIFFS" by and through their undersigned counsel and sues the Defendant, PASCO-PINELLAS HILLSBOROUGH COMMUNITY HEALTH SYSTEM, INC., hereinafter referred to as "DEFENDANT", and states as follows:

### JURISDICTION AND VENUE

1.    Jurisdiction of this Court is invoked pursuant to the Title VII, 42 U.S.C. § 2000, *et seq*. and 28 U.S.C. § 1331.

2.    Venue lies within United States District Court for the Middle District of Florida, Tampa Division because a substantial part of the events giving rise to this claim occurred in this Judicial District and is therefore proper pursuant to 28 U.S.C. § 1391(b).

### ADMINISTRATIVE PREREQUISITES

3.    All conditions precedent to bringing this action have occurred.

4.    Plaintiff, JAMIE JULIANO, timely filed a charge of discrimination with the Equal Employment Opportunity Commission and the Florida Commission on Human Relations  A copy of

the charge is attached as **Exhibit "A"**.

5. Plaintiff, DANIEL ALVEAR, timely filed a charge of discrimination with the Equal Employment Opportunity Commission and the Florida Commission on Human Relations. A copy of the charge is attached as **Exhibit "B"**.

6. Plaintiffs then received a Notice of Right To Sue dated February 7, 2023 from the EEOC. Copies of the Notice of Right to Sue letters are attached as **Exhibit "C"**.

7. Defendant is an employer as defined by the laws under which this action is brought and employs the required number of employees.

## PARTIES

8. At all times material herein, Plaintiff, JAMIE JULIANO, was a resident of Pasco County, Florida.

9. At all times material herein, Plaintiff, DANIEL ALVEAR, was a resident of Pasco County, Florida.

10. Defendant, PASCO-PINELLAS HILLSBOROUGH COMMUNITY HEALTH SYSTEM, INC., is a Florida Not For Profit Corporation, licensed and authorized to conduct business in Pasco County, Florida.

## FACTS

11. Plaintiff, JAMIE JULIANO, began her employment with Defendant in or around September 2019 as a Registered Nurse.

12. Plaintiff, DANIEL ALVEAR, began his employment with Defendant on or about May 4, 2020 as a Paramedic.

13. Plaintiff, JAMIE JULIANO and Plaintiff, DANIEL ALVEAR, worked together as partners on ambulances and were field training officers.

14. Plaintiffs worked overtime in the Education department helping out Michael Austin, Leader of the Education department, with training of new hires, teaching, working on projects etc. During this time, Mr. Austin stated that there were going to be several full time educator spots available and that Plaintiffs would be very good candidates.

15. In or around May 2022, Plaintiffs requested to be moved from night shift to day shift.

16. On or about August 26, 2022, Plaintiff, JAMIE JULIANO, received an email from the admin scheduler of her plan to allow she and Plaintiff, DANIEL ALVEAR, to move to dayshift and work on an 11-11 ambulance as partners. Jeffrey Bogue (Director of Critical Care Transport Team) was cc'd in the email to which he responded that he agreed and asked that Plaintiffs let him know when they "were moved".

17. On or about mid September 2022, Plaintiffs, JAMIE JULIANO and DANIEL ALVEAR, verbally informed their management team for the transport team of inappropriate sexually related behaviors of Michael Austin, Leader of the Education Department.

18. On or about September 19, 2022, Plaintiffs, JAMIE JULIANO and DANIEL ALVEAR, followed up their verbal conversation of September 16, 2022 by sending individual emails to Jeffrey Bogue (Director of Critical Care Transport Team), Bret VanDeman (Clinical Manager Critical Care Transport Team) and Kenneth Kaul (Dayshift Captain) to document their concerns of the inappropriate sexual behaviors of Michael Austin. Plaintiff, JAMIE JULIANO, stated that Mr. Austin refers to the size of his penis, tried to touch her in his office, talks about wanting to "make out" with her, comments that she "looks so good" and insinuated that if they were to work together on an ambulance that he would try something inappropriate.

19. In addition, Plaintiff, JAMIE JULIANO, stated in her email of September 19,

3

2022 that Mr. Austin made it clear to her that if she wanted to move up to a position in the Education Department that his behavior was to be tolerated.

20. Plaintiff, JAMIE JULIANO, also informed her employer that she no longer wished to work with Mr. Austin, withdrew her application from the FTO position and advised her employer that she was no longer comfortable coming into the office outside her normal shift to help with education-related issues due to Mr. Austin's sexual advances.

21. In his email to management on or about September 19, 2022, Plaintiff, DANIEL ALVEAR, reported a time when Michael Austin offered to help Plaintiff, JAMIE JULIANO, to move some ambulances and then proceeded to lick his lips and looked at Plaintiff, JAMIE JULIANO, up and down as if he was "undressing her with his eyes".

22. Plaintiff, DANIEL ALVEAR, also noted that Mr. Austin asked Plaintiff, JAMIE JULIANO, on several occasions to hug him in the office and would grab her hips and brush up against her stomach as he would push past her in the doorway.

23. Plaintiff, DANIEL ALVEAR, also reported that Mr. Austin would make inappropriate sexualized comments about how Plaintiff, JAMIE JULIANO, looked and dressed.

24. On or about September 30, 2022, Plaintiff, JAMIE JULIANO, emailed Ms. Berrones for status of the investigation as it had been two weeks since submitting her complaint concerning Mr. Austin.

25. On or about September 30, 2022, Plaintiff, JAMIE JULIANO, received an email from Ms. Dowdell which stated that she would reach out to Juliano's department leaders early the following week.

26. Ms. Dowdell instructed Plaintiff, JAMIE JULIANO, to try not to have any contact with Michael Austin until they complete their investigation of her concerns against him.  Mr.

Austin is the Educator, Plaintiffs have no choice but to work with Mr. Austin on any and all educational activities that are required for their jobs. As a result, Plaintiff, JAMIE JULIANO, has missed multiple education opportunities and had to step down from her status as a Training Officer.

27. On or about October 14, 2022, Plaintiff, JAMIE JULIANO, sent an email to Ms. Dowdell to check on the status of the investigation into her concerns as they related to Michael Austin.

28. On or about October 14, 2022, now four (4) weeks after Plaintiff, JAMIE JULIANO'S, complaint, Ms. Dowdell asked Plaintiff in an email to discuss her interactions with Mr. Austin and if there were any witnesses to his inappropriate behaviors.

29. That same day, Plaintiff, JAMIE JULIANO, informed Ms. Dowdell via email that Michael Austin is the Educator and her Superior and that she and Plaintiff, DANIEL ALVEAR, were required to interact with Mr. Austin regarding Education in the department, training new employees and teaching American Heart courses. Plaintiff, JAMIE JULIANO, also told Ms. Dowdell that Daniel Alvear was witness to the inappropriate behaviors and sexual advances of Michael Austin and that Daniel had already sent an email to the management team concerning this.

30. On or about October 14, 2022, Plaintiff, JAMIE JULIANO, also advised Ms. Dowdell that she and Plaintiff, DANIEL ALVEAR, no longer wished to assist in the Education department due to Mr. Austin's inappropriate behaviors.

31. On or about October 17, 2022, Plaintiff, JAMIE JULIANO'S move to dayshift was delayed.

32. On or about October 19, 2022, Plaintiff, JAMIE JULIANO'S move to dayshift was delayed again. She was told by the Admin Scheduler that Mr. Austin was requesting that there be two persons hired in order to replace Plaintiff in her night position. This would have delayed

Plaintiff's move to days significantly as Defendant had not even hired a second person to replace her.

33. On or about October 19, 2022, Plaintiff, JAMIE JULIANO, had a verbal conversation at the administration office with her Director, Jeffrey Bogue, concerning moving to dayshift. Mr. Bogue stated that she would be able to move with one replacement and not two. Plaintiff, JAMIE JULIANO, expressed her concern that Mr. Austin was attempting to manipulate the schedule in order to retaliate against her for reporting his inappropriate sexual related behaviors. While in the office with Mr. Bogue, Plaintiff, JAMIE JULIANO, also inquired about the investigation into Mr. Austin's inappropriate behaviors. Mr. Bogue told her that he "did not know anything else about it" and that he would "fire Michael Austin on the spot if HR told him too". Mr. Bogue then said that "all people in EMS are whores, so I don't believe anyone until I see evidence".

34. On or about November 12, 2022, Plaintiff, DANIEL ALVEAR, emailed Christine Berrones (Human Resources Manager) as he had not received a response to his email, 8 weeks earlier, of September 19, 2022 where he itemized his concerns about Michael Austin's inappropriate sexually harassing behaviors. Ms. Berrones told him that Telina Dowdell (WFD Employee Relations Specialist) would be his contact person regarding his complaints.

35. To date, Plaintiff, DANIEL ALVEAR, has not received any response to the concerns he lodged against Michael Austin.

36. Plaintiff, DANIEL ALVEAR, believes that Defendant tried to force him to quit by placing him back on night shift in retaliation for reporting Mr. Austin's inappropriate sexually charged behaviors.

37. Plaintiffs continue to be retaliated against in several ways:

    a. Plaintiffs have been prohibited from working the same shift;

  b. When they moved Plaintiff Alvear back to day shift instead of letting him go back to his vacant position, they moved another employee into that position;

  c. Plaintiff's Managers have prohibited Plaintiffs from scheduling paid days off for the entirety of 2023 pursuant to a purported policy of their Director which was in contravention of Advent's Human Resource policies;

  d. Despite their repeated requests not to work with Austin, Plaintiffs have been required to take education courses which were taught by Austin.

## COUNT I
## TITLE VII – SEXUAL HARASSMENT

38. Plaintiff, JAMIE JULIANO, realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1 through 37.

39. Plaintiff is a member of a protected class.

40. The aforementioned actions by Michael Austin, Leader of the Education Department, constitute unwelcome sexual harassment.

41. The harassment by Mr. Austin was sufficiently severe and/or pervasive to alter the terms and conditions of Plaintiff's employment.

42. Plaintiff suffered an adverse employment action as a result of her opposition to Mr. Austin's advances.

43. The Defendants knew of or should have known of the harassment to Plaintiff.

44. The aforementioned actions constitute discrimination on the basis of sex, in violation of Title VII of the Civil Rights Act.

45. The Defendants' actions were intentional and encouraged in an environment where degradation based on sex was common and tolerated.

46. As a result of Defendants' unlawful sexual harassment, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff, JAMIE JULIANO, prays for the following damages against Defendants as follows:

    a. Back pay and benefits;

    b. Interest;

    c. Front pay and benefits;

    d. Compensatory damages;

    e. Pecuniary and non-pecuniary losses;

    f. Costs and attorneys' fees;

    g. Punitive damages; and

    h. For any other relief this Court deems just and equitable.

## COUNT II
## TITLE VII - RETALIATION

47. Plaintiff, JAMIE JULIANO, realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1 through 37.

48. Plaintiff engaged in protected activity by opposing an employment practice made unlawful by Title VII and timely filing a Charge of Discrimination with the Florida Commission on Human Relations and Equal Employment Opportunity Commission.

49. Plaintiff suffered an adverse employment action for opposing an employment practice made unlawful by Title VII.

50. The above-described acts of retaliation constitute a violation of Title VII, 42 U.S.C. Section 2000 *et seq*.

51. As a result of Defendants' unlawful retaliation, Plaintiff, JAMIE JULIANO, has

suffered and continues to suffer damages.

WHEREFORE, Plaintiff, JAMIE JULIANO, prays for the following damages against Defendants:

  a. Back pay and benefits;

  b. Interest on back pay and benefits;

  c. Front pay and benefits;

  d. Compensatory damages;

  e. Pecuniary and non-pecuniary losses;

  f. Costs and attorneys' fees;

  g. Punitive damages; and

  h. For any other relief this Court deems just and equitable.

## COUNT III
## TITLE VII - RETALIATION

52. Plaintiff, DANIEL ALVEAR, realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1 through 37.

53. Plaintiff suffered an adverse employment action for participating in an investigation and for opposing an employment practice made unlawful by Title VII. Specifically, Plaintiff opposed sexual harassment and discrimination in the workplace and has participated as a witness on behalf of Plaintiff, Jamie Juliano.

54. The above-described acts of retaliation constitute a violation of Title VII, 42 U.S.C. Section 2000 *et seq* for which Defendant is liable.

55. As a result of Defendants' unlawful retaliation, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff, DANIEL ALVEAR, prays for the following damages against

Defendants:

    a.    Back pay and benefits;

    b.    Interest on back pay and benefits;

    c.    Front pay and benefits;

    d.    Compensatory damages;

    e.    Pecuniary and non-pecuniary losses;

    f.    Costs and attorneys' fees;

    g.    Punitive damages; and

    h.    For any other relief this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

56.    Plaintiffs, JAMIE JULIANO and DANIEL ALVEAR, request a jury trial on all issues so triable, with respect to the terms and conditions of their employment.

Dated: March 2, 2023.

**FLORIN, GRAY, BOUZAS, OWENS, LLC**

/s/ *Wolfgang M. Florin*
**Wolfgang M. Florin, Esq.**
Florida Bar No. 907804
wolfgang@fgbolaw.com
**Christopher D. Gray, Esq.**
Florida Bar No. 902004
chris@fgbolaw.com
**Miguel Bouzas, Esq.**
Florida Bar No.: 48943
miguel@fgbolaw.com
16524 Pointe Village Drive, Suite 100
Lutz, FL 33558
Telephone (727) 254-5255
Facsimile (727) 483-7942

*Trial Attorneys for Plaintiffs*